IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WALKER, et al., | No. C-05-5082 MMC |
| Plaintiff, | **ORDER REMANDING ACTION** |
| v. | |
| GRACE BAKING COMPANY, et al., | |
| Defendants / | |

    Before the Court is the Notice of Removal, filed December 8, 2005, by defendants Canada Bread Company, Ltd., Maple Leaf Food, Inc., and Grace Baking Company.

    The above-titled action was originally filed in the Superior Court of California in and for the County of Alameda. In the removed complaint, plaintiffs Maurice Walker and John Marshall allege claims of racial discrimination, harassment, wrongful termination in violation of public policy, retaliation, unfair business practices, and intentional infliction of emotional distress. All of plaintiffs' claims arise under state law. In the caption of the complaint, plaintiffs identify as defendants the three entities that have removed the complaint. In the body of the complaint, plaintiffs identify two additional defendants, specifically, Larry Colombo and Bob Sabranti. (See Compl. ¶ 4.)

    In the Notice of Removal, the removing defendants assert that the Court has diversity jurisdiction over plaintiffs' state law claims.

A district court has diversity jurisdiction only if the action is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Here, the removing defendants allege that both plaintiffs are California citizens, that none of the three removing defendants is a California citizen, (see Notice of Removal ¶¶ 4, 5), and that the amount in controversy exceeds $75,000, (see id. ¶ 7). The removing defendants further allege, however, that defendant Larry Colombo ("Colombo") is a California resident. (See id. ¶ 6.)

The removing defendants do not expressly state why they contend the Court would have diversity jurisdiction over an action in which both of the plaintiffs and at least one defendant are citizens of the same state. Although the removing defendants do note that Colombo is not named in the caption of the complaint and that plaintiffs have not served him, to the extent the removing defendants may be asserting either or both may be considered grounds for ignoring the citizenship of Colombo, the Court disagrees.

First, as the Ninth Circuit has held, "a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." See Rice v. Hamilton Air Force Base Commissary, 720 F. 2d 1082, 1085 (9th Cir. 1983). Here, the body of the complaint explicitly refers to Colombo, alleged to be a manager of Grace Baking Company, as a "defendant," and names him as such to some, albeit not all, causes of action. (Compare, e.g., Compl. ¶ 10 with Compl. ¶ 20.) The causes of action in which Colombo is named as a defendant, e.g., harassment on the basis of race in violation of the Fair Employment and Housing Act ("FEHA"), are claims that an employee may bring against another employee. See Cal. Gov't Code §12940(j)(3) (providing "employee" can be held "personally liable for any harassment prohibited by [FEHA] that is perpetrated by the employee"). Under the circumstances, it is clear from the body of the complaint that plaintiff intended to name Colombo as a defendant.

Second, the Ninth Circuit has held that a district court must consider the citizenship of all defendants, whether or not they have been served, in determining whether the district court has diversity jurisdiction over a removed action. See Clarence E. Morris, Inc. v. Vitek,

2

412 F. 2d 1174, 1176 (9th Cir. 1969).  Thus, plaintiffs' failure, to date, to effectuate service of the complaint on Colombo is immaterial.

In sum, because the removing defendants concede that the two named plaintiffs and defendant Colombo are all citizens of the same state, the Court lacks diversity jurisdiction over the instant action.

Accordingly, the removing defendants having failed to establish the Court's subject matter jurisdiction over the instant action, the action is hereby REMANDED to the Superior Court of California in and for the County of Alameda.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  December 13, 2005

MAXINE M. CHESNEY
United States District Judge